UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOMINION CAPITAL LLC, <br><br> Plaintiff, <br><br> v. <br><br> MILTON C. AULT, III, <br><br> Defendant. | Case No. 1:21-cv-2258 <br><br> **COMPLAINT** |

Dominion Capital LLC ("Dominion" or "Plaintiff"), by its attorneys, Sullivan & Worcester LLP, for its Complaint against Milton C. Ault, III ("Ault" or "Defendant"), states as follows:

### NATURE OF THE ACTION

1. This is an action on a guaranty ("Guaranty") given by Defendant (and others) in support of obligations set out in a Senior Secured Convertible Promissory Note ("Note") issued by non-party Avalanche International, Corp. ("Avalanche") and payable to Dominion. Avalanche defaulted on the Note and Defendant failed to honor his Guaranty.

### THE PARTIES

2. Dominion is a Connecticut private limited liability company. It maintains its headquarters at in New York City. None of its members are citizens of California.

3. Upon information and belief, Defendant is a resident and domiciliary of the state of California. Upon information and belief, Defendant is the Executive Chairman of Avalanche.

### JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C § 1332 because the parties are citizens of different states and the amount in controversy exceeds $ 75,000 exclusive of costs and interests.

5. Defendant has consented to personal jurisdiction pursuant to Section 5(k) of the Guaranty. *See* Exhibit A (Guaranty).

6. Venue in this court is proper pursuant to 28 U.S.C. § 1391 because the parties have designated the federal court sitting in the City of New York, Borough of Manhattan, as one of the venues for adjudication of their disputes pursuant to Section 5(k) of the Guaranty.

## FACTUAL ALLEGATIONS

7. For value received, Avalanche issued the Note to Dominion on or about April 11, 2019, in connection with a Securities Purchases Agreement ("SPA") of the same date. The Note provides, among other things, for Avalanche's payment of the principal amount $2,750,000. *See* Exhibit B (Note) and Exhibit C (SPA).

8. By its terms, the Note required monthly interest payments beginning on May 11, 2019, and, beginning on September 11, 2019, monthly principal and interest payments. The Note required full repayment no later than April 11, 2020, the Note's stated maturity date. *See* Exhibit B at Schedule 2(d).

9. Failure to make a required payment within three "Trading Days" of its original due date was an Event of Default under the Note. *See* Exhibit B at Section 7(a)(i).

10. Upon an event of default, the holder of the Note, Dominion, has the right to accelerate the Note and demand immediate payment of the principal, plus damages and fees as defined by the Note. *See* Exhibit B at Section 7(b).

11. The Guaranty provides, among other things:

> (i) The Guarantors hereby, jointly and severally, unconditionally and irrevocably, guarantee to [Plaintiff] and their respective successors, endorsees, transferees and assigns, the prompt and complete payment and performance when due (whether at the stated maturity, by acceleration or otherwise) of the Obligations.
>
> Exhibit A at Section 2(a)(i).

12. "Obligations" is broadly defined by the Guaranty as follows:

> "Obligations" means, in addition to all other costs and expenses of collection incurred by [Plaintiff] in enforcing any of such Obligations and/or this Guaranty, **all of the liabilities and obligations** (primary, secondary, direct, contingent, sole, joint or several) **due or to become due, or that are now or may be hereafter contracted or acquired, or owing to, of [Avalanche] or any Guarantor to [Plaintiff], pursuant to this Guaranty, the Notes, that certain Security Agreement**, dated as of the date hereof, among [Avalanche], the Guarantors and [Plaintiff] (the "Security Agreement") and any other instruments, agreements or other documents executed and/or delivered in connection herewith or therewith, in each case, whether now or hereafter existing, voluntary or involuntary, direct or indirect, absolute or contingent, liquidated or unliquidated, whether or not jointly owed with others, and whether or not from time to time decreased or extinguished and later increased, created or incurred, and all or any portion of such obligations or liabilities that are paid, to the extent all or any part of such payment is avoided or recovered directly or indirectly from any of [Plaintiff] as a preference, fraudulent transfer or otherwise as such obligations may be amended, supplemented, converted, extended or modified from time to time. Without limiting the generality of the foregoing, the term "Obligations" shall include, without limitation: (i) **principal of, and interest on the Notes and the loans** extended pursuant thereto; (ii) any and all other fees, indemnities, costs, obligations and liabilities of [Avalanche] or any Guarantor from time to time under or in connection with this **Guaranty, the Notes, the Security Agreement** and any other instruments, agreements or other documents executed and/or delivered in connection herewith or therewith; and (iii) all amounts (including but not limited to post-petition interest) in respect of the foregoing that would be payable but for the fact that the obligations to pay such amounts are unenforceable or not allowable due to the existence of a bankruptcy, reorganization or similar proceeding involving [Avalanche] or any Guarantor.
>
> Exhibit A at Section 1 (bold emphases added).

13. "Notes" means the Note at issue. *See* Exhibit A (Guaranty) referring to the definition of "Notes" in the SPA. Article 1 of the SPA defines "Notes" as "the 10% Senior Secured Convertible Promissory Notes due, subject to the terms herein, twelve (12) months from their date of issuance, issued by [Avalanche] to [Dominion]…" *See* Exhibit C.

3

14. On September 11, 2019, following several earlier payment defaults, Avalanche failed to make required payments of interest and principal in accordance with the schedule set forth in the Note. *See* Exhibit B at Schedule 2(d).

15. Avalanche's failure to pay continued through September 16, 2019, the end of the three "Trading Day" cure period provided in the Note.

16. As of September 17, 2019, Avalanche was in default under the Note.

17. On September 23, 2019, Dominion sent a notice of default and acceleration to Avalanche, and demand for payment of the applicable "Mandatory Default Amount" as provided in the Note. Exhibit D. On the same day, Dominion provided Defendant and other guarantors with a copy of that notice and a separate notice of its intent to call the Guaranty. Exhibit E (September 23, 2019 Notice).

18. On September 17, 20, 24, and 27, 2019, Avalanche paid a total of $285,000—less than the amount due on September 11, 2019, even without reference to the Mandatory Default Amount.

19. Since September 27, 2019, neither Avalanche nor any guarantor, including Defendant, have made any payments toward the Note, despite demand.

20. On October 30, 2019, Dominion began an action in New York State Court against Avalanche and certain Note guarantors, but not Defendant. (*Dominion Capital LLC v Avalanche International Corp., et al.,* Index No. 656419/2019 (Sup. Ct. NY Cty)). Exhibit F.

21. On June 2, 2020, Dominion made a motion for summary judgment in the State Court Action as to liability against the defendants therein. The motion has been fully briefed since June 17, 2020.

22. As of March 16, 2021, pursuant to the Note, Avalanche owes Dominion the Mandatory Default Amount, which is the sum of $3,386,404.01, accruing default interest, and late fees.

23. In addition, Dominion has incurred significant collection costs for the enforcement of the Note for which the Defendant is liable pursuant to Sections 2(a) and 5(d) of the Guaranty (Avalanche is liable for collection costs pursuant to Section 8(d) of the Note).

### CLAIM FOR RELIEF
### Breach of Contract

24. Dominion repeats and re-alleges the allegations of Paragraphs 1 through 23 as if fully set forth herein.

25. By reason of the foregoing, Defendant has breached his obligations under the Guaranty.

26. Dominion has been damaged in an amount equal to the Mandatory Default Amount, which, as of March 16, 2021, is the sum of $3,386,404.01, accruing default interest, and late fees, as provided in the Note, plus collection expenses, including attorney fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dominion Capital LLC demands judgment against Defendant for:

- the Mandatory Default Amount, which as of March 16, 2021, is the sum of $3,386,404.01, accruing default interest, and late fees, as provided in the Note;
- collection expenses, including attorney fees; and
- for such other and further relief as the Court determines proper.

| | |
|---|---|
| Dated: New York, New York<br>March 16, 2021 | Respectfully submitted,<br><br>SULLIVAN & WORCESTER LLP<br>By: /s/Michael T. Sullivan<br>    Michael T. Sullivan<br>    Anna Lea Setz<br>1633 Broadway, 32nd Floor<br>New York, New York 10019<br>Telephone:  (212) 660-3000<br>Facsimile:   (212) 660-3001<br>msullivan@sullivanlaw.com<br>asetz@sullivanlaw.com<br><br>*Attorneys for Plaintiff Dominion Capital, LLC* |