# EXHIBIT F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------- X
                                                                   :

DOMINION CAPITAL LLC,                      :
                                                                   :      Index No.  656419/2019
                                     Plaintiff,            :
                                                                   :
                     -against-              :
                                                                    :      **COMPLAINT AND DEMAND**
AVALANCHE INTERNATIONAL, CORP., AULT & :      **FOR JURY TRIAL**
COMPANY, INC. and RESTAURANT CAPITAL :
GROUP LLC,                                            :
                                                                   :
                                      Defendants.      :
                                                                   :
----------------------------------------------- X

Dominion Capital LLC ("Dominion" or "Plaintiff"), by its attorneys, Sullivan & Worcester LLP, for its Complaint against Avalanche International, Corp. ("Avalanche"), Ault & Company, Inc. (the "Ault Company"), Restaurant Capital Group LLC ("Restaurant Capital") (collectively, "Defendants"), states as follows:

## I.    NATURE OF THE ACTION

1.    This is a breach of contract action to recover damages based on a breach of a Promissory Note between Plaintiff and Avalanche and a breach of a Guaranty between Plaintiff and the Ault Company and Restaurant Capital.

2.    Plaintiff and Avalanche entered into an agreement pursuant to which Plaintiff purchased a Senior Secured Convertible Promissory Note ("Promissory Note").

3.    The Promissory Note was secured by all of Avalanche's assets, including its machinery and equipment, contractual rights, accounts, letter-of-credit rights, bank instruments, chattel paper, documents, commercial tort claims, deposit accounts and cash, investment property, supporting obligations, files, records, books of account, business papers, computer

programs, and all proceeds from the foregoing collateral, and by a guaranty by the Ault Company and Restaurant Capital to fulfill Avalanche's obligations under the Promissory Note should Avalanche fail in its obligations ("Guaranty").

4. Plaintiff fulfilled its obligation under the Promissory Note and Guaranty by delivering payment to Avalanche on April 11, 2019 and providing notice and demand in a manner provided for by the Guaranty.

5. Avalanche missed two amortization payments to Plaintiff scheduled pursuant to the terms of the Promissory Note.

6. Avalanche also failed to pay late fees to Plaintiff and is now in default.

7. Neither the Ault Company nor Restaurant Capital has satisfied its obligation under the Guaranty to satisfy Avalanche's payment obligations after receiving due notice and demand.

8. Plaintiff now seeks relief on its breach of contract claims.

## II. THE PARTIES

9. Plaintiff Dominion Capital LLC is a Connecticut limited liability private company that invests in securities and related instruments.

10. Defendant Avalanche is a Delaware corporation with its principal place of business at 5940 S. Rainbow Blvd., Las Vegas, NV 89118.

11. The Ault & Company, Inc. is a holding company incorporated in Delaware.

12. Restaurant Capital Group LLC is a California limited liability company.

## III. JURISDICTION AND VENUE

13. Defendants have consented to personal jurisdiction pursuant to the written instruments at issue herein. Specifically, Section 8(d) of the Promissory Note that Avalanche

issued in favor of Dominion on or about April 11, 2019 and Section 5(k) of the Guaranty provide that:

> All questions concerning the construction, validity, enforcement and interpretation of this Note shall be governed by and construed and enforced in accordance with the internal laws of the State of New York, without regard to the principles of conflict of laws thereof. Each party agrees that all legal proceedings concerning the interpretation, enforcement and defense of the transactions contemplated by any of the Transaction Documents (whether brought against a party hereto or its respective Affiliates, directors, officers, shareholders, employees or agents) shall be commenced in the state and federal courts sitting in the City of New York, Borough of Manhattan (the "New York Courts"). Each party hereto hereby irrevocably submits to the exclusive jurisdiction of the New York Courts for the adjudication of any dispute hereunder or in connection herewith or with any transaction contemplated hereby or discussed herein (including with respect to the enforcement of any of the Transaction Documents), and hereby irrevocably waives, and agrees not to assert in any suit, action or proceeding, any claim that it is not personally subject to the jurisdiction of such New York Courts, or such New York Courts are improper or inconvenient venue for such proceeding.

Exhibit A.[1]

14. Venue is proper in this District pursuant to CPLR § 501 because the parties have designated this District as the stipulated venue for adjudication of their disputes.

## IV. FACTUAL BACKGROUND

15. On or about, April 11, 2019, Plaintiff and Avalanche entered into a securities purchase agreement ("SPA") pursuant to which Plaintiff purchased a Senior Secured Convertible Promissory Note with a face value of $2,750,000 and a Common Stock Purchase Warrant to purchase up to 1,617,647 common shares of Avalanche at an exercise price of $0.85 per share. Exhibit C.

---

[1] The language in the Guaranty is identical but replaces the word "parties" with "the Company" and "Guarantor(s)." Exhibit B.

3

16. The parties secured this agreement with "all" of Avalanche's machinery and equipment, contractual rights, accounts, letter-of-credit rights, bank instruments, chattel paper, documents, commercial tort claims, deposit accounts and cash, investment property, supporting obligations, files, records, books of account, business papers, computer programs, and all proceeds from the foregoing collateral. Exhibit D.

17. Plaintiff's lien on Avalanche's assets was perfected by the filing of a UCC-1 Filing Statement on April 12, 2019. Exhibit E.

18. The Ault Company's and Restaurant Capital guaranteed Avalanche's obligations as follows: "guarantee[d] to [Dominion] … the prompt and complete payment and performance when due (whether at the stated maturity, by acceleration or otherwise) of the obligations [under the Promissory Note]." Exhibit D,

19. The Promissory Note has a maturity date of April 11, 2020, and interest accrues pursuant to the terms of the Promissory Note at a rate of 10% per annum.

20. Defendants also agreed to pay monthly installments of interest, beginning on May 11, 2019, and principal amortizations beginning on September 11, 2019.

21. Section 7(a) of the Promissory Note provides that it shall be an "Event of Default" if Avalanche fails to make a payment on a payment's due date and the missed payment "is not cured within three (3) Trading Days." Exhibit A.

22. Avalanche missed monthly principal and interest payments due on September 11, 2019, and October 11, 2019.

23. Avalanche also has not paid any late fees related to these missed Payments, as the Promissory Note requires.

24. Avalanche has not cured these missed payments and is now in default under the terms of the Promissory Note.

25. Section 7(b) of the Promissory Note provides for "Remedies Upon Event of Default":

> [I]f any Event of Default occurs, then the outstanding principal amount of this Note, plus accrued but unpaid interest and the Make-Whole Amount, liquidated damages and other amounts owing in respect thereof through the date of acceleration, shall become, at the Holder's election, immediately due and payable in cash at the Mandatory Default Amount. After the occurrence of any Event of Default that results in the eventual acceleration of this Note, the interest rate on this Note shall accrue at an additional interest rate equal to the lesser of 1.5% per month (18% per annum) or the maximum rate permitted under applicable law. … If the Company fails to pay in full the Mandatory Default Amount or Default Redemption Amount, … the Company will pay interest thereon at a rate equal to the lesser of 1.5% per month (18% per annum) or the maximum rate permitted by applicable law, accruing from such date until the Mandatory Default Amount or Default Redemption Amount, as applicable, plus all such interest thereon, is paid in full.

Exhibit A.

26. Section 1 of the Promissory Note defines the "Mandatory Default Amount" as 135% "of the outstanding principal amount of this Note and accrued and unpaid interest hereon and the Make-Whole Amount, in addition to the payment of all other amounts, costs, expenses and liquidated damages due in respect of this Note." Exhibit A.

27. As a result of Avalanche's default, Plaintiff is entitled to recover the "Mandatory Default Amount" set forth in Section 1 of the Promissory Note, plus interest at the per annum rate of 18%.

28. Pursuant to Section 8(d) of the Promissory Note, Plaintiff also is entitled to its attorney's fees.

29. The amount due and owing on the Promissory Note as of October 22, 2019, is $3,700,055.56, and will continue to increase as interest accumulates.

30. Plaintiff fulfilled its obligations under the Promissory Note and Guaranty when it delivered payment in full to Avalanche on April 11, 2019.

31. On October 17, 2019, Plaintiff sent to Avalanche a demand letter ("Demand Letter") requesting payment in full from Avalanche. Exhibit F.

32. Avalanche failed to make the payment set forth in the Demand Letter.

33. On October 17, 2019, Plaintiff sent to the Ault Company and Restaurant Capital a demand letter requesting payment pursuant to the Guaranty. Exhibit F.

34. Neither the Ault Company nor Restaurant Capital fulfilled its obligations under the Guaranty to assume Avalanche's obligations under the Promissory Note in spite of notice having been duly and properly given to each.

V. **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**(against Avalanche)**
**Breach of Contract**

35. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 34 as if fully set forth herein.

36. The Promissory Note is a valid and binding contract, enforceable according to its terms.

37. Plaintiff performed all of its obligations under the Promissory Note.

38. Avalanche defaulted on its payments and thereby breached the Promissory Note.

39. As a direct and proximate result of Avalanche's breach of the Promissory Note, Plaintiff is entitled to recover all sums due under the Promissory Note, an amount not less than $3,700,055.56, plus attorney's fees.

## SECOND CAUSE OF ACTION
### (against the Ault Company and Restaurant Capital)
### Breach of Contract

40. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 39 as if full set forth herein.

41. The Guaranty is a valid and binding contract, enforceable according to its terms.

42. Avalanche defaulted on its payments.

43. Under the terms of the Guaranty, the Ault Company and Restaurant Capital are required to effect "the prompt and complete payment and performance when due (whether at the stated maturity, by acceleration or otherwise)" of Avalanche's obligations.

44. Plaintiff performed all of its obligations under the Guaranty by virtue of performing all of its obligations under the Promissory Note and providing notice and demand in a manner provided for by the Guaranty.

45. The Ault Company and Restaurant Capital have not made the required payments to Plaintiff and thereby breached the Guaranty.

46. As a direct and proximate result of the Ault Company and Restaurant Capital's breach of the Guaranty, Plaintiff is entitled to recover all sums due under the Promissory Note, an amount not less than $3,700,055.56, plus attorney's fees.

### JURY DEMAND

Dominion Capital LLC is entitled to and hereby demands a jury trial in this matter.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dominion Capital LLC demands judgment against Defendants as follows:

(a) Money damages against Avalanche, the Ault Company, and Restaurant Capital on their breaches of contract for failure to make required payments under the Promissory Note and Guaranty and all amounts due on acceleration of the Promissory Note, in an amount to be determined at trial;

(b) Attorney's fees and costs in bringing this action in accordance with the terms of the Promissory Note and Guaranty; and

(c) Such other relief as this Court may determine as fair and just.

Dated: New York, New York
October 30, 2019

SULLIVAN & WORCESTER LLP

By: /s/ *Peter R. Ginsberg*
    Peter R. Ginsberg
    Jeremy Bachrach Siegfried
1633 Broadway, 32nd Floor
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001
prginsberg@sullivanlaw.com
jsiegfried@sullivanlaw.com

*Attorneys for Plaintiff*

FILED: NEW YORK COUNTY CLERK 10/30/2019 07:47 PM        INDEX NO. 656419/2019
NYSCEF DOC. NO. 2    Case 1:21-cv-02258-AJN   Document 1-6   Filed 03/16/21   Page 9 of 9   RECEIVED NYSCEF: 10/30/2019